## PROCEEDINGS RELATING TO COUNTY DITCHES.

[Common Pleas Court of Defiance County.]

ANDREW M. ANDERSON ET AL V. THE VILLAGE OF HICKSVILLE ET
AL; AND BROWN ANDERSON ET AL V. THE BOARD OF COM-
MISSIONERS OF DEFIANCE COUNTY, OHIO.

Decided, November, 1906.

*Ditches—Several Joined in One Improvement—Questions Relating to
Bond for Costs—Injunction will not Lie Against Improvement,
When—Notice—View by Commissioners—Benefits—Injury to
Lands—Character of Improvement—Sections 4448, 4451, 4452 and
4491.*

1. Water-courses which empty one into another and that one into a
   a third are not separate water-courses within the meaning of the
   statutes relating to the construction or improvement of public
   ditches, and may be joined in one improvement.
2. Petitioners for the improvement of a public ditch may become
   sureties on the bond which it is required shall be filed with the
   petition for payment of costs; failure of the county auditor to
   endorse his approval on such a bond is immaterial, where a bond
   properly executed was filed with him for approval, and he identi-
   fies it as the bond then on file, and testifies that he did approve it.
3. Section 4452 does not contemplate that the commissioners shall
   actually set foot on the whole line of the ditch, but that they will
   at the beginning of the improvement hear the complaints of the
   persons affected, and thereafter view the line of the ditch in
   such a manner that they will understand the situation, and can
   determine the necessity of the improvement, and make a proper
   apportionment of the costs.
4. In a proceeding for a ditch improvement, an injunction will not
   lie because of errors apparent on the face of the record, such as
   a defect in the bond filed with the petition; nor where there is
   no evidence of collusion or fraud on the part of the commission-
   ers; nor because of injury to the lands through which the ditch
   passes; nor on allegations that the improvement is of an unsat-
   isfactory character, or that there is no necessity for it, or that
   no benefit will result to the lands through which it passes.

546    DEFIANCE COUNTY COMMON PLEAS.

Anderson et al v. Village of Hicksville et al. [Vol. IV, N. S.

SNOOK, J.

These two cases involve the validity of the same ditch proceeding, and were submitted to the court together; while there are some issues in one not found in the other, in deciding the cases I have discussed the questions involved as though they were raised on one petition.

On the 25th day of July, 1904, George Tracts and others filed their petition with the Board of Commissioners of Defiance County, Ohio, praying for the deepening, widening and straightening of a certain ditch known as North Gordon Creek, and its laterals, Middle Gordon Creek and Mill Creek. On the same day the petitioner filed his bond, signed by himself and several others, all signers of the original petition. The hearing was set for August 23, 1904, at the head of North Gordon Creek; and the petitioner was required to cause notice to be given all persons and corporations affected thereby, and of the time and place of said hearing. Notice was given and proof of the service thereof was duly filed in said proceedings. On August 23, the commissioners met at the head of North Gordon Creek, and heard the complaints of those present, and adjourned to the 19th day of September, 1904. On September 19, at a meeting of the board, they found that the improvement was necessary and established the same, and ordered the surveyor to survey and level the same, and apportion the cost of construction thereof; and fixed January 30, 1905, as the day for the next hearing in the matter. On January 30, said matter was continued to February 13. On February 13, the board met and partially confirmed the report of the surveyor, with certain amendments thereto; and on February 14, the board further amended said report and adjourned to February 27, at which time they met and passed on all claims for compensation and damage, and finally approved the report of the surveyor.

The plaintiffs seek to enjoin the construction of said improvement, and urge very many reasons why a court of equity should enjoin all further proceedings in the matter. The plaintiffs, and each of them, are owners of land lying along the line of said improvement assessed for the construction of the same.

The first ground urged for consideration is that North Gordon, Middle Gordon and Mill Creeks are each separate watercourses and are not laterals, spurs, or branch ditches, so that they can be joined in one improvement. The language of the statute, Section 4448, is—

"The petition for any such improvement shall be held to include any side, lateral, spur, or branch ditch, drain or watercourse, necessary to secure the object of the improvement, whether the same is mentioned therein (petition) or not."

The evidence shows that all these ditches, down to the point of the junction of Middle Gordon with North Gordon, are small runs, without natural banks or bluffs, bearing the character of many of the small creeks in this country flowing through level lands. Mill Creek is a tributary of Middle Gordon, and Middle Gordon of North Gordon; and the improvement of North Gordon below the point where Middle Gordon empties into it, will affect both Middle Gordon and Mill Creek, and the improvement of Middle Gordon below the point where Mill Creek empties into it will affect both. So it follows that the statute referred to, if not made to cover such a case as this, will have no meaning whatever, and will apply in no case where there are several branches to a ditch improvement.

The second claim is that there was no bond filed in the proceeding, or, rather, that the paper purporting to be a bond is not such a bond as is required by law. The bond was filed in the proceeding with the county auditor, on July 25, 1904, and is signed by the petitioner and several other signers of the petition. It is claimed that the signers of the petition for the improvement can not become sureties on the bond. The language of the Revised Statutes, Section 4451, is:

"And there shall be filed therewith (the petition) a bond, subject to the approval of said auditor, payable to the state of Ohio, with at least two sufficient sureties, in not less than two hundred dollars, conditioned for the payment of all costs, if the prayer of the petition be not granted."

That the petitioners may become sureties on the bond is settled by *Keys v. Williamson*, 31 O. S., 561. It is true that the

548    DEFIANCE COUNTY COMMON PLEAS.

Anderson et al v. Village of Hicksville et al. [Vol. IV, N. S.

Supreme Court there had under consideration the provisions of the township ditch law, now embodied in Revised Statutes, Section 4514, but the language there used as to sureties is substantially the same as used in Section 4451. The one says, "with at least two sufficient sureties," and the other says, "with good and sufficient sureties."

The Keys case, therefore, makes it clear that the petitioners for the ditch may become sureties on the bond. Neither does the fact that the county auditor did not endorse his approval on the bond render it void. The language of Section 4450 is "a bond subject to the approval of the auditor." There is no provision that his approval must be endorsed on the bond. The auditor identifies the bond now found among the files as the one filed with him in the matter, on July 25, 1904, snd says that he then approved it. Besides, the rule is, if a bond is delivered for approval to the proper officer, it becomes a binding obligation, unless actually disapproved. See Note C to *Estate of Ramsey* v. *People,* 90 Am. St. Rep., p. 190; *Place* v. *Taylor.* 22 O. S., opinion of court, p. 320.

Is the bond void because the names of the sureties were left out of the body, because the date of the filing of the petition for the ditch is left blank, and because there was not filled in the blank in the body of the bond the words "deepening, widening and straightening?" This question is discussed in the cases referred to in the note to *Estate of Ramsey* v. *People,* 90 Am. St. Rep., 197, and, without quoting from it at length, we think these cases make it plain that such omissions from the body of the bond do not make the bond void. Moreover, I have examined the opinion of Judge Killits, in the case of *Cooper* v. *Commissioners of Van Wert County,* and have conferred wth counsel as to the decisions of the circuit court in that case, and am not yet prepared to say that this authority settles the question, that a defect apparent on the face of a bond filed in a county ditch proceeding is ground for an injunction. It must be remembered, in a discussion of this question, that the decision of the Supreme Court in the case of *Sessions* v. *Crunkilton,* 20 O. S., 349, construed the provisions

of the township ditch law, and that the court, in that case, were in no wise called upon to offer an opinion as to the provisions of the county ditch law. As I read this decision, it turns on the wording of the statute, which requires that the bond must be filed before the trustees can take any steps to establish the ditch. The language of the statute there under construction is now embodied in Revised Statutes, Section 4514, and reads:

"Before the trustees can take any action towards locating ·or establishing any ditch, .there must be filed with the township clerk a bond with good and sufficient sureties."

And Section 4520 provides:

"If the trustees find that the bond has been filed and notice given, they shall proceed."

It will be observed that these statutes clearly make the giving of the bond a condition precedent to any action on the part of the trustees, and a careful reading of the case of *Sessions* v. *Crunkilton* will show that the discussion of the court is based upon the provisions of these two statutes to which I have referred. The county ditch law contains no such provisions, and makes no such limitation to the powers of the commissioners. Under the provisions of the county ditch law, the prayer of the petition having been granted, and an order made establishing the improvement, I doubt if the Supreme Court would enjoin the construction of a county ditch for want of a bond. We think this question of the right to enjoin because of a defect in the bond is answered by the Supreme Court in the case of *Haff* v. *Fuller*, 45 O. S., 495, see opinion, page 497, where the court say:

"In this state the proceedings and final orders of township' trustees and county commissioners establishing ditches and roads may be reviewed by petition in error, and reversed for errors appearing on the record. The remedy thus afforded, being adequate for the correction of errors in such proceedings which are disclosed by the record; the rule already stated has been applied in such cases, though the errors so appearing rendered the proceedings void for want of jurisdiction."

550     DEFIANCE COUNTY COMMON PLEAS.

Anderson et al v. Village of Hicksville et al. [Vol. IV, N. S.

See, also, *Frevort* v. *Finfrock*, 31 O. S., 621, where the court say:

"Where the irregularity of the proceedings is the ground of objection, the claimant will not be permitted to resort to the remedy of injunction, but will be confined to his appeal, or, if the proceedings are so erroneous as to be reversible, to his petition in error."

See, also, *McClelland* v. *Miller*, 28 O. S., 488.

These cases make it plain that in a ditch proceeding injunction will not lie because of errors apparent on the face of the record.

It is further claimed that plaintiffs did not have legal notice of the proceeding. It is first claimed that the notice to meet at the beginning of North Gordon is not sufficient to satisfy the language of the statute. The statute says, Section 4451*a*, that the notice shall set forth the substance, prayer and pendency of the petition. The notice, as served, complies with this language. Moreover, it is disclosed by the record and testimony, that the plaintiffs took part in the proceedings at different stages, and this would take the place of notice. It is complained that the notice to non-residents is not good, because it failed to name the landowners to whom it was directed. This contention is answered by the Supreme Court, in *Miller* v. *Graham*, 17 O. S., p. 8, where it is held that notice similar to that in this case is sufficient.

It is also claimed in argument that persons or corporations who are not parties to the suit, but who are parties to the ditch proceeding, were not properly notified, and that this is ground for injunction on the part of the plaintiffs. We think there is nothing in this contention. The statute provides that all suits must be brought in the name of the real party in interest, and the Supreme Court, in the case of *Board of Education* v. *Guy,* 64 O. S., 445, say:

"To warrant a recovery on the petition, it must show a cause of action in the plaintiff."

See, also, 36 O. S., 68, and opinion, p. 78.

It is claimed that the commissioners did not comply with the provisions of Section 4452 as to a view of the line of the proposed improvement. We do not believe that this statute contemplates that the commissioners must actually set foot on every inch of the line of the ditch, but that they shall meet at the beginning of the improvement, hear such complaints as the persons affected may have to offer, and thereafter view the line of the ditch in such a manner as they may understand the situation and lay of the land along the same, so as to determine the necessity of the same and so that they may be able to make an apportionment of the costs of the improvement. We think the testimony shows that the commissioners substantially complied with this provision of the statute.

It is claimed that there is no necessity for the improvement. This raises the question as to whether or not it conduces to the public health, convenience or welfare, and must be decided by the commissioners in the first instance, and their decision in this behalf can not be controlled by a court of equity. A party aggrieved on this question must pursue the remedy by appeal (see Revised Statutes, Section 4460). Neither do we think that the decision of the commissioners as to the size of the ditch can be controlled by a court of equity, but if this were a question to be decided by the court, we are not prepared to say that it has been shown by proof that the proposed improvement will be too large.

It is also claimed that the real object of the improvement is to furnish an outlet for the sewage of the village of Hicksville. Without stopping to analyze the evidence, all we care to say on this subject is, that this allegation of the petition has not been established by the evidence. But the court is of the opinion that the language of the entry in this case should be so worded and guarded that this decision can never be used in the future to bar any one along the line of the ditch from bringing an injunction suit to prevent the emptying of the sewerage of the village of Hicksville into this improvement.

Nearly all the plaintiffs take the stand and testify that their lands will in no wise be benefited by the proposed improvement.

552    DEFIANCE COUNTY COMMON PLEAS.

Anderson et al v. Village of Hicksville et al. [Vo¹. IV, N. S.

But the evidence, taken as a whole, seems to contradict these broad statements and to show that there is a necessity for the improvement of these ditches, and that such improvement will be a benefit to the lands lying adjacent thereto.

There seems to be a misunderstanding of the jurisdiction of a court of equity to enjoin an assessment for a ditch improvement, where the only allegation in the petition is the bare statement that the improvement will not benefit the lands of the petitioners, and the proof to support such allegations is a statement that the claimants' lands will, in no wise, be benefited. There are at least four cases referred to in the law bulletin, affirmed by the Supreme Court without report, where it is held that a petition containing only the statement in substance that the proposed improvement, when constructed, will not and can not be of any benefit to the lands of the complainants, is not good as against demurrer. I refer to the cases of *McAdams* v. *Comrs.*, 22 W. L. B., 206, and the three cases referred to in 37 W. L. B., 189 and 191.

In *Miller* v. *Board of Comrs.*, 3 C. C. Rep., in the opinion, on page 619, our own circuit court, in speaking of this question of benefit, say:

"Unless it is shown that there is some collusion, fraud, or positive wrong perpetrated, the action of the board in this particular will not be disturbed."

We believe that if the decisions are carefully read, they will show, that in order to disturb the assessment, it must be shown that the commissioners committed some fraud or mistake. We are cited to the case of *Blue* v. *Wentz*, 54 O. S., 247. There it was held that the petition made a good case, but it was on the ground that the facts plead showed that the commissioners had made a mistake in making the assessment; that is, the facts showed that the commissioners had made the assessment on a mistaken or wrong basis. And in *Buckley* v. *Comrs.*, 1st Cir. Court Rep., 251, the relief was based on a mistake on the part of the commissioners, and this is always ground for relief in equity. Further, it is doubtful if Section 4491 applies to this kind of a case at all, as it only provides for proceedings to lo-

cate and establish ditches, and if we are to adopt the reasoning of Judge Killits, in the Cooper case, it certainly does not apply. There was no proof offered to support the allegation of misrepresentation or fraud on the part of the commissioners, as to the day set for the filing and hearing claims for compensation and damage, and no proof of collusion between the commissioners and the officers of the village of Hicksville.

The claim that plaintiffs' lands will be cut through and occupied, and damaged, affords no ground for injunction, as the plaintiffs have a right to appeal on this question.

Lastly: Should an injunction be granted on the ground that the improvement will not afford a sufficient outlet?

This question has given the court more trouble than any other in the case, but after going over the evidence on this subject thoroughly, we are not prepared to say, taking into account the nature of the improvement, and the nature of the creek at the terminus of the improvement proposed, that a sufficient outlet will not be afforded by this improvement. Neither are we clear that this question can be made in this case by the petitioners. In the case of *McAdams* v. *Comrs.*, 22 W. L. B., 206, already referred to, it was held, that this provision of the statute refers to the escape of the water at the mouth of the ditch. The plaintiffs seeking the injunction along the line of the ditch are above this point and there is nothing in the evidence to show that they are, in any way, injured because of the size of the ditch at the outlet. We have shown that it is plain that the plaintiff must recover on his own case; that is, to warrant a recovery on the petition, a cause of action must be shown in the plaintiff. See, 64 O. S., 445; 36 O. S., 78. On this question we also offer the query as to whether or not this question should not have been reached by appeal, and whether or not it is not covered by that provision in the statute for appeal, wherein it is provided that an appeal may be had as to whether or not the route of the ditch is practicable?

For these reasons, the temporary injunctions in these cases will be dissolved.

*Newbegin & Newbegin,* for plaintiffs.

*David Oflander* and *Harris & Cameron,* for defendants.